# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                              Case No. 07-CR-29

**DWAYNE TOLIVER**
        **Defendant.**

## DECISION AND ORDER

Defendant Dwayne Toliver renews his motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. At trial, I reserved decision on defendant's motions made at the close of the government's case-in-chief and at the close of all evidence. After the jury returned a guilty verdict, I afforded defendant thirty days to file a written submission in support of the motions, and he has now done so. For the reasons that follow, I deny the motions.

## I. RULE 29 STANDARD

Rule 29(a) provides: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." A defendant challenging the sufficiency of the evidence faces an "uphill battle," United States v. Gallardo, 497 F.3d 727, 737 (7th Cir. 2007), cert. denied, 129 S. Ct. (2008), one the Seventh Circuit has characterized as "nearly insurmountable," United States v. Knox, 540 F.3d 708, 719 (7th Cir. 2008). In ruling on a Rule 29 motion, the district court must view the evidence in the light most favorable to the government, bearing in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences. United

States v. Reed, 875 F.2d 107, 111 (7th Cir. 1989). The court may not "play thirteenth juror" or entertain an independent view of the evidence in ruling on such a motion. United States v. Genova, 333 F.3d 750, 757 (7th Cir. 2003). Rather, it may enter a judgment of acquittal "only if, viewing the evidence in the light most favorable to the prosecution, the record contains no evidence on which a rational jury could have returned a guilty verdict." United States v. Murphy, 406 F.3d 857, 861 (7th Cir. 2005); see also United States v. Pulido, 69 F.3d 192, 205 (7th Cir. 1995) ("Reversal is warranted only when the record is devoid of any evidence, regardless of how it is weighed, from which a jury could find guilt beyond a reasonable doubt.") (internal quote marks omitted). If the court reserved ruling on a motion made during trial, it decides the motion based on the evidence at the time ruling was reserved. Charles A. Wright, Federal Practice and Procedure § 462, at 282 (2000).

## II. DISCUSSION

I first note that defendant's written memorandum is untimely. The jury returned its verdict on October 8, 2008, and defendant filed his submission on January 27, 2009, well beyond the thirty day period I granted. In any event, in the memorandum defendant argues only that:

> the evidence presented through the government's case-in-chief as well as through the conclusion of all the evidence, in each instance, is insufficient to sustain a criminal conviction as to Mr. Toliver at any time and particularly during the offense period of January, 2006 through September 9, 2006, as set forth in the Superseding Indictment. The defense relies on the record made at trial in support of these motions and makes no further argument at this time.

(R. 186 at 1-2.)

The government presented sufficient evidence in its case-in-chief to enable a reasonable jury to find defendant guilty beyond a reasonable doubt. Reginald Bickham, a

2

large-scale marijuana trafficker, testified that he fronted marijuana to defendant and others charged in the conspiracy. Bickham indicated that at times he unloaded shipments of marijuana from his source in defendant's carwash because it was a secure location. He further testified that he kept notes of his drug transactions, and that defendant was listed in the notes as "Wash" or "Big Baby." Other members of the conspiracy – including Rudolph Wesson, Bobby Perry, Tewan Darnell, Tabares Spencer and Rahjee Shabazz – confirmed that they also received marijuana from Bickham on consignment and that their names or nicknames appeared in Bickham's drug notes. Shabazz further confirmed that Bickham unloaded and divided up marijuana shipments at defendant's carwash. Shabazz testified that defendant was present for these shipments and received a share of the drugs. The government presented more, but this evidence demonstrating length of affiliation, fronting of drugs and mutual trust was enough. See, e.g., United States v. Zaragoza, 543 F.3d 943, 947-48 (7th Cir. 2008); United States v. Fuller, 532 F.3d 656, 662 (7th Cir. 2008).

The only specific argument defendant appears to make is that the government failed to prove his membership in the conspiracy during the period alleged in the superseding indictment: January 2006 through September 9, 2006. Bickham testified that at some point in early 2006 defendant shorted him on a drug shipment, and that he stopped providing defendant with marijuana thereafter. However, the phone records presented by the government showed significant contact between Bickham and defendant in January and February 2006, during the period listed in the indictment. The government is not required to prove that each conspirator participated for the entire period charged in the indictment, and defendant makes no showing of any prejudice based on the timing in this case. See United States v. Jackson, 935 F.2d 832, 843-44 (7th Cir. 1991). The government is also free to "elect

3

to proceed on a subset of the allegations in an indictment and prove a conspiracy smaller than the one alleged." United States v. Payne, 226 F.3d 792, 795 (7th Cir. 2000); see also United States v. Jones, 275 F.3d 648, 652 (7th Cir. 2001) ("So long as the evidence demonstrates that the co-conspirators embraced a common criminal objective, a single conspiracy exists, even if the parties do not know one or another and do not participate in every aspect of the scheme."). Finally, defendant makes no claim that he withdrew from the conspiracy at any time. See United States v. Wilson, 134 F.3d 855, 863 (7th Cir. 1998) ("To withdraw from a conspiracy, a defendant must terminate completely his active involvement in the conspiracy, as well as take affirmative steps to defeat or disavow the conspiracy's purpose."). The fact that Bickham decided to stop dealing with defendant does not aid defendant's argument.

At trial, defendant attacked the credibility of the cooperating co-conspirators, noting that they hoped to receive sentencing consideration in exchange for their testimony. The jury was entitled to believe these witnesses nonetheless. For all of these reasons, I deny defendant's motion made at the close of the government's case.

Nothing presented by the defense requires a different result. Defendant's girlfriend testified that she lived with defendant, and that she never saw him with a large quantity of marijuana, never met Bickham and did not know several of the other conspirators. The jury was not required to believe her; even if they did, the jury could also find that defendant hid his drug trafficking activities from her. Defendant also testified, denying that he sold drugs with Bickham or the others. Given the evidence presented by the government, a reasonable jury could disbelieve him. Thus, I deny the motion made at the close of all evidence and after return of the verdict.

4

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motions for acquittal are **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge