# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  v.                   Case No. 07-CR-29

**DWAYNE TOLIVER**
   **Defendant.**

## DECISION AND ORDER

  A jury convicted defendant Dwayne Toliver of conspiracy to distribute 100 kilograms or more of marijuana, and I sentenced him (as a repeat offender) to 120 months in prison followed by 8 years of supervised release. See 21 U.S.C. §§ 841(a)(1)(B), 846, 851. He completed the prison sentence and commenced supervision in June 2016. On October 4, 2017, defendant filed a motion for early termination of his supervised release. The government responded in opposition to the motion; I afforded defendant a chance to reply, but he has not done so.

**I.**

  The district court may grant early termination if: (1) the defendant has completed at least one year of supervision; (2) the government has been given notice and an opportunity to be heard; and (3) such action is warranted by the defendant's conduct and the interest of justice. See 18 U.S.C. § 3583(e)(1). The first two criteria are met in this case; the issue is whether early termination is warranted.

  The district court has wide discretion in making this determination. United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts considering such requests have generally required more than mere compliance before granting early termination. E.g., Folks

v. United States, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases). They have tended to grant such relief in cases where the defendant's behavior has been exceptionally good, where supervision hinders rather than fosters the defendant's rehabilitation, or where some new or unforeseen circumstance otherwise supports a reduction of the original supervision term. United States v. Malone, No. 09-CR-248, 2016 U.S. Dist. LEXIS 172130, at *2 (E.D. Wis. Dec. 12, 2016); see, e.g., United States v. White, No. 06-CR-50, 2012 U.S. Dist. LEXIS 151054, at *4 (E.D. Wis. Oct. 19, 2012) (collecting cases). The defendant bears the burden of demonstrating that early termination is warranted. Id. at *5.

**II.**

In his request, defendant indicates that while imprisoned he completed extensive programming and since his release he has maintained employment, supported his children, tested negative, and avoided law enforcement contact. He further indicates that, if released from supervision, he would have the opportunity to travel and help build the businesses he operates with his fiancé.

While defendant is to be commended for his progress, the court expects those on supervision to work and follow the rules. E.g., United States v. Perkins, No. 05-CR-95, 2014 U.S. Dist. LEXIS 40675, at *3-4 (E.D. Wis. Mar. 20, 2014). While being on supervision means that defendant needs permission to leave the district, he makes no claim that the probation office has unreasonably refused any such requests. See id. at *4-5. Nor does he explain how his status on supervision otherwise interferes with his efforts to build his businesses or otherwise impedes his rehabilitation.

I also agree with the government that insufficient time has passed to conclude that early termination in warranted. Defendant has a prior record for drug-related offenses, including a

2001 conviction for possession with intent to deliver cocaine, and more time is needed to ensure that he has left this conduct behind. See 18 U.S.C. § 3553(a)(2)(B) & (C). The government indicates that it would not oppose termination after 3 years of supervision, and that seems a reasonable period of time for defendant to demonstrate a lasting commitment to a pro-social life.

**III.**

**THEREFORE, IT IS ORDERED** that defendant's request for early termination (R. 242) is **DENIED** but may be renewed at a later date.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2018.

/s Lynn Ademan
LYNN ADELMAN
District Judge